Revised ~~12/16~~02/22

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

## ELECTRONIC CASE FILING POLICIES AND PROCEDURES

**1. Definitions**.

1.1 "Electronic Filing System" refers to the court's automated system that receives and stores documents filed in electronic form. The program is part of the CM/ECF (Case Management/Electronic Case Files) software which was developed for the Federal Judiciary by the Administrative Office of the United States Courts.

1.2 "Filing User" is an individual who has a court-issued login and password to file documents electronically. A Filing User is responsible for the maintenance of their account and they must have a valid email address to receive any Notice of Electronic Filing.  A Filing User must also have a valid mailing address.

1.3 "Notice of Electronic Filing" (hereinafter referred to as "NEF") is a notice automatically generated by the Electronic Filing System at the time a document is filed with the system, setting forth the time of filing, the name of the party and attorney filing the document, the type of document, the text of the docket entry, the name of the party and/or attorney receiving the notice, and an electronic link (hyperlink) to the filed document, which allows recipients to retrieve the document automatically.

1.4 "PACER" (Public Access to Court Electronic Records) is an automated system that allows an individual to view, print and download court docket information over the internet.

1.5 "PDF/A" refers to Portable Document Format. A document file created with a word processor, or a paper document which has been scanned, must be converted to portable document format to be filed electronically with the court. Converted files contain the extension ".pdf".

1.6 "Proposed Order" is a draft document submitted by an attorney for a judge's signature. A proposed order shall accompany a motion or other request for relief as an electronic attachment to the document.

~~1.7~~ "Technical Failure" is defined as a malfunction of court owned/leased hardware, software, and/or telecommunications facility which results in the inability of a Filing User to submit a filing electronically. Technical failure

~ 1 ~

does not include malfunctioning of a Filing User's equipment.

**2.  Scope of Electronic Filing**.

All civil, criminal, magistrate judge, and miscellaneous cases shall be assigned to the Electronic Filing System. Except as expressly provided herein or by order of court, or in exceptional circumstances including technical failures, a Filing User shall electronically file all documents required to be filed with the court.

The filing of initial papers may be accomplished electronically under procedures outlined in the court's ECF User Manual. In a case removed to the federal court, parties are required to electronically file all documents previously filed in the state court. Service of the summons and complaint must be made under Federal Rule of Civil Procedure 4.

This Court is a mandatory ECF court. All attorneys must be a registered Filing User. Pro Hac Vice movants and /admittees must comply with Local Civil Rule 83.2(B).

A party who is not represented by counsel may file papers with the clerk in the traditional manner, but is not precluded from filing electronically.

Effective June 12, 2006, a processing fee and sanctions of $150.00 per document will be imposed each time an attorney files a document by means other than the Court's CM/ECF system, unless leave of Court has been granted to file the document under seal. Attorneys shall pay a processing fee and sanctions of $150.00 per document for failure to file a document with this Court electronically by use of the CM/ECF system. This fee must be paid from the funds of the attorney or his/her law firm. Counsel shall not charge to or collect the $150.00 from the client as a fee, cost, expense, or other charge in this case. (See Standing Order at 2:06-mc-00034 Misc 06-34 - In Re: Compliance With Electronic Case Filing Registration Requirements)

**3.  Eligibility, Registration, Passwords**.

An attorney admitted to the Bar of this court, including an attorney seeking to be admitted *pro hac vice*, may register as a Filing User through PACER. by completing and submitting the prescribed registration form electronically The registration link is located under the Court's CM/ECF Electronic Filing link "Request CM/ECF User for an Account" at http://www.pawd.uscourts.gov. Registration as a Filing User constitutes consent to electronic service of all documents as provided in this Court's Electronic Case Filing Policies and Procedures in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure.

A person who is a party to an action who is not represented by an attorney may

~ 3 ~

register as a Filing User in the Electronic Filing System solely for purposes of the action. If during the course of the action the person retains an attorney who appears on the person's behalf, the attorney must advise the clerk to terminate the person's ~~registration~~ filing privileges as a Filing User upon the attorney's appearance.

When registering, an individual must ~~have an established PACER account and~~ certify that ECF training has been completed, and then requests a CM/ECF account for the Western District of Pennsylvania through PACER. ~~An individual may register more than one Internet e-mail address.~~ Once the ~~registration~~ request is processed by the clerk, the Filing User will receive notification ~~of the user login and password~~ that the request was approved. A Filing User shall protect the security of the User's ~~password and immediately notify the clerk if the Filing User learns that the password has been compromised~~ PACER login and password.

Once registration is complete, a Filing User may not withdraw from participation in the Electronic Filing System except by leave of court.

Once registered, a Filing User shall be responsible for maintaining his/her account through PACER, including, but not limited to change of address, firm, phone number, e-mail notification address, etc.

All Filing Users who are attorneys admitted to practice before this Court, including those admitted *pro hac vice*, have a duty, under Local Civil Rule 83.3D(1), to promptly notify the Clerk of Court if they are subject to public discipline, including administrative suspension. An attorney Filing User's duty to maintain his/her electronic filing account specifically includes a continuing duty to comply with this notice requirement.

## 4. Consequences of Electronic Filing.

Electronic transmission of a document to the Electronic Filing System in accordance with this Court's Electronic Case Filing Policies and Procedures, together with the transmission of a ~~Notice of Electronic Filing~~ NEF from the court, constitutes filing of the document for all purposes of the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure and the Local Rules of this court, and constitutes entry of the document on the docket kept by the clerk under Fed.R.Civ.P. 58 and 79, and Fed.R.Crim.P. 49 and 55.

When a document has been filed electronically, the official record of that document is the electronic recording as stored by the court, and the filing party is bound by the document as filed. A document filed electronically is deemed filed on the "**filed on**" date on the ~~Notice of Electronic Filing~~ NEF from the court.

The fact that a party files a document electronically does not alter the filing deadline for that document. Electronic filing must be completed before midnight Eastern

~ 4 ~

time in order to be considered timely filed that day.

**5.   Entry of Court Orders and Related Papers.**

A document entered or issued by the court will be filed in accordance with this Court's Electronic Case Filing Policies and Procedures and such filing shall constitute entry on the docket kept by the clerk under Fed.R.Civ.P. 58 and 79 and Fed.R.Crim.P. 55.

All signed orders will be filed electronically by the court or court personnel. An order filed electronically without the original signature of a judge shall have the same force and effect as if the judge had affixed a signature to a paper copy of the order and the order had been entered on the docket in a conventional manner.

A Filing User submitting a document that requires a judge's signature shall submit the document as an electronic attachment to a motion or other request for relief in accordance with the procedure for a "Proposed Order" as outlined in the court's ECF User Manual.

## 6. Notice of Court Orders and Judgments.

Immediately upon the entry of an order or judgment in an action, the clerk will transmit to Filing Users in the case, in electronic form, a Notice of Electronic Filing will be transmitted to the Filing User. Electronic transmission of the Notice of Electronic Filing constitutes the notice required by Fed.R.Civ.P. 77(d) and Fed.R.Crim.P.49(c). The clerk must give notice in paper form to a person who is not a registered filing Filing userUser.

## 7. Attachments and Exhibits.

A Filing User must submit in electronic form all documents referenced as exhibits or attachments in accordance with the court's ECF User Manual, unless otherwise ordered by the court. A Filing User shall submit as exhibits or attachments only those excerpts of the referenced documents that are directly germane to the matter under consideration by the court. Excerpted material must be clearly and prominently identified as such. Filing Users who file excerpts of documents as exhibits or attachments under this rule do so without prejudice to their right to timely file additional excerpts or the complete document. Responding parties may timely file additional excerpts or the complete document that they believe are/is directly germane. See Standing Order at 2:21-mc-1161 in re: Submission to the Court of Audio and/or Video Content.

## 8. Sealed Documents.

Unless provided by statute, specifically allowed by these policies and procedures or by the Court's protocol for highly sensitive documents (see 2:21-mc-00050), no document shall be filed under seal without prior leave of court.  For reference to the Court's policy governing all sealed matters, see 2:05-mc-00045 (Exhibit A).

A party requesting permission to file a document under seal must do so by filing a motion with the Court. When filing a motion for leave to file a document under

seal, the filer must state in the motion why a means other than sealing is not available or unsatisfactory to support the necessity of the seal.   Once leave has been granted to file a document under seal, the filing party must first electronically file a redacted public version of the document, unless otherwise ordered by the Court.   Except for cases that are entirely placed under seal [1], any document where leave to be filed under seal has been granted must be electronically filed by counsel.[2]   All documents shall be filed in PDF format and the total maximum size for any single docket entry shall not exceed 50MB. A document subject to a sealing order must be filed in the traditional manner on one-sided paper in a sealed envelope marked "sealed" accompanied by a disk or CD- ROM containing the document in PDF/A format. Each pdf must be no larger than 2.5MB. Only the motion to file a document under seal may be filed electronically, unless prohibited by law. When filing a motion for leave to file a document under seal, the filer must state in the motion why a means other than sealing is not available or unsatisfactory to support the necessity of the seal.

When leave has been granted to file a document under seal, the filing party must first electronically file a redacted public version of the document, unless otherwise ordered

---

[1] The exception to this being sealed miscellaneous cases and sealed magistrate judge cases opened by the United States Attorney's Office.
[2] See 2:21-mc-00050 for the Court's protocol for highly sensitive documents

by the Court. It is the filer's responsibility to present the sealed version of the document to the clerk's office for filing in the traditional manner on paper in a sealed envelope marked "sealed" and with appropriate court and case identifying information, accompanied by a disk or CD-ROM containing the document in PDF/A format. The Clerk of Court will not docket the sealed version of the document until the party electronically files the redacted public document.

The Court may establish a practice, when sealing documents, to specify a date by which the seal will be vacated or state that the document will be sealed permanently. If no specific date is provided to vacate the seal or the record is not designated as being permanently sealed, the Judge who chairs the Joint IT Committee and the Chief Deputy of the Clerk's Office will implement a policy to unseal documents, only upon written notice to the litigants prior to unsealing.

The order of the court authorizing the filing of document(s) under seal may be filed electronically, unless prohibited by law.

Refer to this Court's policy governing all sealed matters-Misc No. 05-45 (See Exhibit A)

**9. Special Filing Requirements and Exceptions.**

9.1  Special Filing Requirements

The documents listed below shall be presented for filing in the traditional manner on paper and accompanied by a disk or CD-ROM containing the document in PDF/A format:

Sealed (subject to policy on sealed matters - Misc No. 05-45 – Exhibit A)
Cases filed sealed by STATUTE (such as, Qui Tam Cases).

9.2 9.1   Mandatory Exceptions

Documents containing highly sensitive information, as stated in 2:21-mc-00050, are excluded from the Court's ECF system and must be presented to the Clerk for filing in paper format. In addition to the provision in LCrR49D, the following are excluded from the Electronic Filing System and shall be filed solely on paper:

ALL GRAND JURY MATTERS:
The following documents are examples of grand jury matters:

1)   Motion to Empanel Grand Jury and orders ruling on them;
2)   Motions to Quash Grand Jury subpoenas and orders ruling on them;

3)   Motions to Enforce Grand Jury subpoenas and orders ruling on them;
4)   Motions for immunity and orders ruling on them;
5)   Motions for appointment of counsel before a Grand Jury and orders

ruling on them.

9.2   Sealed Filings Social Security Administrative Transcripts shall be filed electronically by the U.S. Attorney's Office.

When the entire case is not under seal, counsel shall electronically file sealed documents where leave of Court is granted.

9.3   Special Filing Requirements

The United States Attorney's Office is required to electronically file documents in sealed miscellaneous cases and sealed magistrate judge cases.

The sealed documents listed below, unless subject to Section 9.1, must be presented to the Clerk in paper format for filing onto the Court's ECF system:

- Initial case filings sealed pursuant to statute (such as qui tam cases)
- Documents provided in LCrR49D (2-4)

9.3 9.4   Original State Court Records presented in 28 U.S.C. Section 2254 cases shall be filed in the traditional manner on paper. Records received will be noted on the docket, however, will not be available for view electronically. State Court records are NOT part of this court's permanent case file and are returned to the appropriate State Court upon final disposition.

9.4 9.5   Transcripts of this Court (both civil and criminal) shall be filed electronically in PDF/A Format. The Judicial Conference has established a policy regarding the electronic availability of transcripts of court proceedings. The policy establishes a procedure whereby counsel can request the redaction from the transcript of specific personal data identifiers before the transcript is remotely electronically available to the public and also recognizes the court reporters' statutory authority to sell copies of the transcript.

9.5.1 A transcript filed by a court reporter or transcriber will be available at the office of the clerk for inspection only for a period of 90 days after it has been filed. A party must file a Notice of Intent to Request Redaction of Specific Personal Data Identifiers within seven days of the filing of the official transcript by the court reporter. Neither the court nor court reporters will review the original transcript for specific personal data identifiers. A Notice of Intent to Request Redaction of Specific  Personal Data Identifiers form is available under the Forms section on the court's website at http://www.pawd.uscourts.gov/ (See Exhibit B)

During the 90 90-day restriction period, a copy of the officially transcribed transcript may be purchased from the court reporter/transcriber at the rate

established by the Judicial Conference and will be available for inspection only on the public terminal in the clerk's office. After the ~~90~~ 90-day period has ended, the filed transcript will be available for inspection and copying in the clerk's office and for download from the court's CM/ECF system through the PACER system.

Following the filing of a notice of Intent to Request Redaction of Specific Personal Identifiers, the parties have 21 days from the date the transcript is filed with the clerk, or longer IF ordered by the court, to submit a statement to the court reporter/transcriber indicating where the specific personal data identifiers appear in the transcript by page and line and how they are to be redacted. See 14.1 of these Procedures for Redacted Identifiers . The court reporter/transcriber shall have 31 days from the date of the filing of the official transcript with the clerk of court to electronically file the redacted transcript. The redacted transcript filed with the clerk will be made available to the general public and remotely electronically available once the initial ~~90~~ 90-day restriction period of the original transcript is lifted. The original or unredacted transcript will remain restricted. ~~Note:~~

If a party fails to submit the statement within this time frame, the transcript will be made remotely electronically available without redaction of specific personal data identifiers 90 days after the initial filing of the transcript with the clerk.

~~Note:~~ The ~~90~~ 90-day restriction time calculation begins with the electronic filing of the initial official transcript by the court reporter or transcriber and does not begin again should a redacted transcript be subsequently filed. The initial calculated release date of the ~~90~~ 90-day restriction applies to the redacted transcript.

## 10. Retention Requirements.

The official Court records shall be the electronic file maintained on the Court's servers and any pleadings allowed to be filed on paper format.  However, at the request of the court, the Filing User may be directed to provide for review the original of any document that is electronically filed, and which requires an original signature other than that of the Filing User.  Therefore, Filing Users are required to retain the original of any such document for a period of one year after all periods for appeal expire.  The United States Attorney shall retain the original of documents they file in criminal cases. ~~A document that is electronically filed and requires an original signature other than that of the Filing User must be maintained in paper form by counsel and/or the firm representing the party on whose behalf the document was filed until one year after all periods for appeals expire. Such papers in criminal cases shall be retained by the United States Attorney. On request of the court, said counsel must provide the original document for review.~~

## 11. Signatures.

~ 11 ~

The Filing User's login and password shall constitute Filing User's signature for purposes of Fed.R.Civ.P.11, all other Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, the Local Rules of this court, and any other purpose for which a signature is required in connection with proceedings before the court. All documents filed electronically shall include a signature block which contains the attorney's typewritten name, the office address, telephone number, fax number, e-mail address and Pennsylvania or other state bar number, if applicable. When listing the attorney identification number, the state's postal abbreviation shall be used as a prefix (e.g., PA12345, NY2243316).

In addition, the name of the Filing User under whose login and password the document is submitted should be preceded by a "/s/" or "s/" or "/s" and typed in the space where the signature would otherwise appear, for example:

/s/ [Name of Filing User]
Name of Filing User [attorney's bar number e.g. PA12345]
Address
City, State, Zip Code
Phone: (xxx) xxx-xxxx
Fax: (xxx) xxx-xxxx
E-mail: xxx@xxx.xxx The user login and password required to submit documents to the Electronic Filing System serve as the Filing User's signature on all electronic documents filed with the court. They serve as a signature for purposes of Fed.R.Civ.P.11, all other Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, the Local Rules of this court, and any other purpose for which a signature is required in connection with proceedings before the court.

Each document filed electronically must indicate in the caption that it has been electronically filed. An electronically filed document must include a signature block in compliance with Local Rule 5.2(B), and must set forth the name, address, telephone number, fax number, e-mail address, and the attorney's Pennsylvania or other state bar identification number, if applicable. When listing the attorney identification number, the state's postal abbreviation shall be used as a prefix (e.g., PA12345, NY2243316). In addition, the name of the Filing User under whose login and password the document is submitted must be preceded by an "s/" and typed in the space where the signature would otherwise appear.

No Filing User or other person may knowingly permit or cause to permit a Filing User's password to be used by anyone other than an authorized agent of the Filing User. A document containing the signature of a defendant in a criminal case shall be electronically filed as a scanned document in PDF format that contains an

image of the defendant's original signature. The Filing User is required to verify the readability of the scanned document before filing it electronically with the court.

A document requiring signatures of more than one party must be filed electronically either by: (1) submitting a scanned document containing all necessary signatures; (2) representing the consent of the other parties on the document; or (3) in any other manner approved by the court.

**12. Service of Documents by Electronic Means**.

12.1    Service of Process

Fed.R.Civ.P. 5(b) and Fed.R.Crim.P. 49(b) do **not** permit electronic service of process for purposes of obtaining personal jurisdiction, i.e., Rule 4 service. Therefore, service of process must be effected in the traditional manner.

12.2    Other Types of Service:

12.2.1 Filing User

Upon the electronic filing of a pleading or other document, the court's ECF System will automatically generate and send a ~~Notice of Electronic Filing~~NEF to all Filing Users associated with that case. Transmission of the ~~Notice of Electronic Filing~~NEF constitutes service of the filed document.

The ~~Notice of Electronic Filing~~NEF includes the time of filing, the name of the party and attorney filing the document, the type of document, the text of the docket entry, and an electronic link (hyperlink) to the filed document, allowing anyone receiving the notice by e-mail to retrieve the document automatically. If the Filing User becomes aware that the ~~Notice of Electronic Filing~~NEF was not transmitted successfully to a party, or that the notice is deficient, i.e. the electronic link to the document is defective, the filer shall serve the electronically filed document by e-mail, hand delivery, facsimile, or by first-class mail postage prepaid immediately upon notification of the deficiency of the ~~Notice of Electronic Filing~~NEF.

12.2.2 Individual who is not a Filing User

A Non-Filing User is entitled to receive a paper copy of any electronically filed document from the party making such filing. Service of such paper copy must be made according to the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure and the Local Rules of Court. It is

the non-filing user's responsibility to provide the Court with written notice of any change of address.

**13. Technical Failures.**

The clerk shall deem the court's Electronic Case Filing Web Site to be subject to a technical failure if the site is unable to accept filings continuously or intermittently for **more** than one hour occurring after 12:00 noon (Eastern Time) that day. If a Filing User experiences technical failure, the document may be submitted to the court that day in an alternative manner, provided that it is accompanied by an affidavit of the Filing User's failed attempts to file electronically at least two times in ~~one~~ one-hour increments after 12:00 noon. The following methods of filing are acceptable as a result of a technical failure:

13.1   via electronic mail in a PDF/A attachment, sent to the e-mail address for technical failures listed in the ECF User Manual;

13.2   in person, by bringing the document to the clerk's office on paper accompanied by a disk or CD-ROM which contains the document in PDF/A format;

13.3   Problems on the filer's end, such as phone line problems, problems with the filer's Internet Service Provider (ISP), or hardware or software issues, do not constitute a technical failure under these procedures nor excuse an untimely filing.

Should~~, however,~~ a technical failure of the filer's equipment cause the filing party to miss a filing deadline, the filer shall electronically file, within 24 hours of failure, a motion for leave to file said document(s) out of time along with a completed "Verification of Technical Failure-Filer's equipment" (Exhibit C).

If filing said motion for leave electronically within 24 hours is impossible, the filing party must hand deliver the motion and verification to the Clerk's Office on paper accompanied by a disk or CD-ROM which contains the document(s) in PDF/A format OR by mailing same to the Clerk's Office and postmarked accordingly, for filing. If leave is granted, the filer shall electronically file said document(s) forthwith. Service of motion and verification shall be made on all parties of record by filing party.

~~Counsel should be aware that the Court will be monitoring filers for abuse of this procedure.~~

The initial point of contact for a Filing User experiencing technical difficulty filing a document electronically shall be the case assigned docket clerk whose phone number can be found on the Court's website at www.pawd.uscourts.gov under the CM/ECF link

for help.

Counsel should be aware that the Court will be monitoring filers for abuse of this procedure.

A Filing User who suffers prejudice as a result of a technical failure may seek appropriate relief from the court.

## 14. Public Access.

A person may retrieve information from the Electronic Filing System at the court's Internet site by obtaining a PACER login and password. A person who has PACER access may remotely retrieve docket sheets and documents in all cases, except for social security cases and immigration cases, in which only participants in the case may retrieve certain documents. Any case or document under seal shall not be available to the public through electronic or any other means.

### 14.1   Sensitive Information

As the public may access certain case information over the Internet through the court's Electronic Filing System PACER, sensitive information should not be included in any document filed with the court unless such inclusion is necessary and relevant to the case. In accordance with Local Civil Rule 5.2(D), if sensitive information must be included, the following specific personal data identifiers must be partially redacted from the document, whether it is filed traditionally or electronically: Social Security numbers to the last four digits, financial account numbers to the last four digits, dates of birth to the year and the names of minor children to the initials.[1]

Note: In criminal case documents only, home addresses also must be redacted to the city and state.

In compliance with the E-Government Act of 2002, a party wishing to file a document containing the specific personal data identifiers specified above must file a motion for leave to file the unredacted document or reference list under seal. If the motion to seal is granted, the party may file: 1) a sealed and otherwise identical document containing the unredacted personal identifiers; or 2) a reference list under seal. The reference list shall contain the complete personal data identifier(s) and the redacted identifier(s) used in its (their) place in the filing. All references in the case to the redacted identifiers included in the reference list will be construed to refer to the corresponding complete personal data identifier.

---

[1] Documents in social security cases and immigration cases are excluded from the redaction requirement as they are not electronically available to the public over the Internet, pursuant to the privacy policy of the Judicial Conference of the United States

In addition, caution must be exercised when filing documents that contain the following:

1) Personal identifying number, such as a driver's license number;
2) medical records, treatments and diagnosis;
3) employment history;
4) individual financial information; and
5) proprietary or trade secret information

Additional items for criminal cases only:

~~6) information regarding an individual's cooperation with the government;~~
~~7)~~6)   information regarding the victim of any criminal activity;
~~8) national security information; and~~
~~9)~~7)   sensitive security information as described in 49 U.S.C. Section 114(s).

14.2   Documents for which public access will not be provided in
        criminal cases.

The following documents shall not be included in the public criminal case file and will not be made available to the public at the courthouse or via remote electronic access pursuant to Judicial Conference policy and/or statute:

1) Un-executed summonses or warrants of any kind (e.g., search warrants, arrest warrants);
2) Pretrial bail or pre-sentence investigation reports;
3) Statements of Reasons in the judgment of conviction;
4) Juvenile records;
5) Financial Affidavits filed in seeking representation pursuant to the Criminal Justice Act;
6) Ex Parte requests for authorization of investigative, expert or other services pursuant to the Criminal Justice Act; and
7) Sealed documents

Counsel is strongly urged to share this information with all clients so that an informed decision about the inclusion of certain materials may be made. If a redacted document is filed, it is the sole responsibility of counsel and the parties to be sure that pleadings and other papers comply with the rules and orders of this court requiring redaction of personal identifiers. The clerk will not review each filing for redaction.

**15. Hyperlinks** - In order to preserve the integrity of the court record, attorneys wishing to insert hyperlinks in court filings shall continue to use the traditional citation method for the cited authority, in addition to the hyperlink. The Judiciary's policy on hyperlinks is that a hyperlink contained in a filing is no more than a convenient mechanism for

~ 18 ~

accessing material cited in the document. A hyperlink reference is extraneous to any filed document and is not part of the court's record.

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:
CONFIDENTIALITY AND PROTECTIVE ORDERS IN CIVIL MATTERS

<u>ORDER</u>

AND NOW, this 27TH day of January 2005, as APPROVED by the Board of Judges on January 26, 2005,

It is hereby ORDERED that effective July l, 2005, any provision in a Confidentiality or Protective Order filed prior to June 30, 2005 that permits the parties to designate documents as confidential and file said documents with the Court under seal is NULL and VOID.

IT IS FURTHER ORDERED, that for Confidentiality or Protective Orders filed on or after July 1, 2005, the Court will not recognize any provision of said orders which allow for the automatic sealing of documents that are filed with the Court.

On or after July 1, 2005, parties wishing to file documents under seal must obtain prior leave of Court for each document that is requested to be filed under seal.


Donetta W. Ambrose
Chief U.S. District Judge


Revised 3/08

~ 20 ~

EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

_____
    **Plaintiff(s)**                            **Case No.**_____

    **vs**

_____
    **Defendant(s)**

**NOTICE OF INTENT TO REQUEST REDACTION OF**
**SPECIFIC PERSONAL DATA IDENTIFIERS**

Notice is hereby given that a statement of redaction of specific personal data identifiers will be submitted to the court reporter/transcriber within 21 days from the filing of the transcript with the clerk.

                                                    s/_____
                                                    ID Bar Number
                                                    Attorney for (Plaintiff/Defendant)
                                                    Address
                                                    City/State/Zip
                                                    Phone: (xxx) xxx-xxxx
                                                    E-mail: xxx@xxxx.xxx

Date:_____

**CERTIFICATE OF SERVICE**

I hereby certify that on_____, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: _____. I hereby certify that I have personally served_____, court reporter/transcriber and that I have mailed by U.S. Postal Service, the document to the following non-CM/ECF participant(s) _____ _____.

s/_____

~ 21 ~

Exhibit C

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Plaintiff                                                    Case No.
   vs.
Defendant

## Verification of Technical Failure Filer's Equipment

Please take notice that [Plaintiff/Defendant, Name of Party] was unable to file [Title of Document] in timely manner because of technical difficulties. The deadline for filing the [Title of Document] was [Filing Deadline Date]. The reason(s) that I was unable to file the [Title of Document] in a timely manner and the good faith efforts I made prior to the filing deadline to both file in a timely manner and to inform the Court and the other parties that I could not do so are set forth below.

[Statement of reasons and good faith efforts to file and to inform (including dates and times)]

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

s/[Name of Registrant]
ID Bar Number
Attorney for (Plaintiff/Defendant)
Address
City, State, Zip Code
Phone: (xxx) xxx-xxxx
E-mail: xxx@xxxx.xxx

~ 22 ~